UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN SMITH,
        Plaintiff,

v.                        05-CV-3229

TERRY POLK,
KEVIN WINTERS,
SANDRA FUNK,
DEBORAH FUQUA,
STANLEY SIMS, M.D., and
LOWELL BROWN, M.D.,

        Defendants.

## Case Management Order #1

        The plaintiff, currently incarcerated in Western Correctional Center, filed this action *pro se* pursuant to 42 U.S.C. Section 1983.  A merit review hearing was held on September 27, 2005, by telephone.  The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and identify the federal claims stated, if any.  *Pro se* complaints are liberally construed, with the allegations taken as true.  A claim can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972).

        The plaintiff alleges that he has pain, swelling and what he believes is an infection in his face around or behind his eye.  He alleges the swelling is increasing and that he can no longer see out of his eye--the pain so bad he almost blacks out at times and has seizures.  He attaches a report from 2003, which states in part "appearance certainly strongly suggestive of a mass in the right frontal sinus;" the report recommends an MRI.

        The plaintiff states a claim for deliberate indifference to his serious medical needs under the Eighth Amendment to the United States Constitution.  Deliberate indifference to a serious injury or medical need violates a prisoner's rights under the Eighth Amendment to be free from cruel and unusual punishment. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).  The injury or need must be objectively serious, *and* the official must personally know of the risk and consciously disregard it. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).  An objectively serious medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Chapman*, 241 F.3d at 845 (quotations omitted).  An objectively serious condition also presents itself if "'failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain.'" *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999), *quoting Gutierrez*, 111 F.3d at 1373.  The subjective component requires the prisoner to "show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *See Wynn*, 251 F.3d at 593 (citations omitted).  Deliberate indifference may be inferred "when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate the person responsible did not base the decision on such a judgment." *Estate of Cole v. Pardue*, 94 F.3d 254, 261-62 (7th Cir. 1996). However, malpractice or simple disagreement with a doctor's decisions cannot be the basis for an Eighth Amendment challenge. *Steele v. Choi*, 82 F.3d 175, 178-79 (7th Cir. 1996).

        The plaintiff's complaint names only defendants Polk, Winters and Funk, wardens at Western.  Generally, prison administrators are entitled to rely on the treatment decisions of medical professionals, because the administrators are laypersons without medical training.  Polk, Winters and Funk cannot be held personally responsible for the treatment decisions of the doctors.  Nor can they be held responsible solely because they hold supervisory positions.  However, they might be held personally responsible if the plaintiff can show it is evident,

even to a layperson, that he is receiving inadequate or inappropriate treatment. *See Bond v. Aguinaldo*, 228 F. Supp. 2d 918, 920 (N.D. Ill 2002)("Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals.")(other citations omitted). They may also be personally responsible if they blocked the plaintiff's access to medical care, interfered with prescribed treatment, or "turned a blind eye" to an obviously unconstitutional situation. *See Sanville v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001); *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)(citations omitted). Polk, Winters and Funk therefore remain in the case at this point.

At the merit review hearing, the plaintiff moved to add as defendants Deborah Fuqua (health care administrator at Western Correctional Center); Stanley Sims, M.D., and Lowell Brown, M.D. (current or former doctors of Western). A reasonable inference arises from the allegations that these individuals were personally responsible for the alleged lack of medical care. The court accordingly adds them as defendants to the complaint. The plaintiff did not know the first names of Dr. Sims and Dr. Brown, but the court takes judicial notice of those names from other pending cases before the court. The plaintiff was directed to file his motions in writing.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs. The plaintiff does not indicate that he intends to pursue a malpractice claim under state law, nor does he attach the affidavit and physician's report required under state law to do so. 735 ILCS 6/5-622. Accordingly, the case proceeds at this point only on the Eighth Amendment claim.

2) The clerk is directed to add to the docket the following individuals as defendants: Deborah Fuqua, Stanley Sims, M.D., and Lowell Brown, M.D..

3) The clerk is directed to complete service forms for the defendants, all addressed to Western Illinois Correctional Center. If a defendant no longer works Western Illinois Correctional Center, Western Illinois Correctional Center, or the Illinois Department of Corrections, without further court order, shall furnish the Marshal with said defendant's current work address, or, if not known, said defendant's forwarding home address, or, if not known, said defendant's last-known home address. The information shall be used only for serving process and shall be retained only by the Marshal. Address information shall not be maintained in the court file nor disclosed by the Marshal.

4) The necessary deficiency orders are directed to be entered, if any.

5) After the plaintiff satisfies all deficiencies, a Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

6) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

7) The defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this 29th Day of September, 2005.

s\**Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE